1  LAW OFFICE OF JOHN CLAASSEN
   JOHN CLAASSEN, ESQ. (212954)
2  2201 BROADWAY, SUITE 803
   OAKLAND, CA 94612
3  TELEPHONE: (510) 251-8010
   FACSIMILE: (510) 868-3398
4  john@claassenlegal.com

5  Attorneys for Plaintiffs
   KWOK CHO; THAU LONG; XIAO MIN MA; YAN YUN YU; WAI PAK;
6  MICHELLE B. REN; WENG SHENG WONG; AND WENG K. WONG

7
                    UNITED STATES DISTRICT COURT
8
                   NORTHERN DISTRICT OF CALIFORNIA
9

10 KWOK K. CHO, an individual; THAU        )
   LONG, an individual; HAO LONG, an       )   Case No.: C07-06512 JCS
11 individual; XIAO MIN MA, an individual; )
   YAN YUN YU, an individual; WAI PAK, an  )
12 individual; MICHELLE B. REN, an         )   PLAINTIFFS' NOTICE OF
   individual; WENG SHENG WONG, an         )   MOTION AND MOTION FOR
13 individual; and WENG K. WONG, an        )   ORDER TO CHANGE TIME TO
   individual,                             )   HEAR PLAINTIFFS'
14                                         )   APPLICATION FOR A WRIT OF
                                           )   ATTACHMENT PURSUANT TO
15         Plaintiffs,                     )   LOCAL RULE 6-3
                                           )
16    v.                                   )
                                           )
17 MAURICE JACKSON, an individual, and     )
   aka RTI and aka REAL TIME               )   Date: not applicable (Civil L.R. 6-3)
18 INVESTMENTS and aka ECONOMIC            )   Time: not applicable
   RESOURCE SERVICES, REAL TIME            )   Before: Honorable Joseph C. Spero
19 INVESTMENTS, LLC, a California limited  )
   liability company, ECONOMIC RESOURCE    )
20 SERVICES, a Nevada corporation, VERNA   )
   TAIT, an individual, JACQUELYNE         )
21 ODOM, aka JACKIE ODOM, an individual,   )
   aka JACQUELINE ODOM, MAISHA             )
22 YVONNE PULLIAM, an individual, aka      )
   MAISHA YVONNE JACKSON,                  )
23 ECONOMIC REAL ESTATE SOLUTIONS,         )
   INC., a California corporation, and DOES 1)
24 THROUGH 100,                            )
                                           )
25         Defendants.                     )
26
27
28 PLAINTIFFS' MOTION FOR ORDER TO CHANGE TIME TO HEAR          C07-06512 JCS
   PLAINTFFS' APPLICATION FOR A WRIT OF ATTACHMENT

## NOTICE OF MOTION AND MOTION

Plaintiffs Kwok Cho; Thao Long; Hao Long; Xiao Min Ma; Yan Yun Yu; Wai Pak; Michelle B. Ren; Weng Sheng Wong; and Weng K. Wong ("Plaintiffs") respectfully move this Court to Change the Time to Hear Plaintiffs' Application for a Writ of Attachment to a date as soon as the Court's calendar permits.

This Motion is based on this Notice of Motion and Motion, the declaration of Xiao Min Ma, the declaration of John Claassen and all pleadings and papers filed herein, the oral argument of counsel, and any other matters that may be submitted at the hearing.

## STATEMENT OF ISSUE (Civil L.R. 7-4(a)(3))

1. Whether the Court should shorten the time to hear Plaintiffs' Application for a Writ of Attachment in the interest of preventing any fraudulent transfer of assets that would render any damages awarded to Plaintiffs by defendants judgment proof.

## SUMMARY OF ARGUMENT

This Motion is made on the grounds that hearing Plaintiffs' Application for a Writ of Attachment on a regular briefing schedule will cause Plaintiffs substantial harm because the assets sought from defendants are easily hidden or transferred before judgment is rendered in this matter. Defendants in this matter are multiple in number; in some cases, related to each other; and have been known to execute documents on each other's behalf. *See* the Declaration of Xiao Min Ma ("Ma Decl."). As such, the potential for transfer of assets is high and poses the risk that Plaintiffs would be unable to recover damages from defendants, should judgment be rendered in Plaintiffs' favor. Time is of the essence in this case for Plaintiffs, as some are unable to make payments on essential items such as their homes after entrusting a substantial portion of their assets with defendants. *See* Ma Decl.

Thus, if damages are awarded in this case, any potential failure by defendants to recompense any or all Plaintiffs could result in further economic distress for the named Plaintiffs. *See* Ma Decl.

## BACKGROUND FACTS

Plaintiffs filed a Verified Amended Complaint in this action in the Superior Court of California, County of Alameda, on December 18, 2007 (Case No. RG07357682).

On the same date, Plaintiffs also filed an Ex Parte Application for an Order Shortening Time Regarding the Hearing Date of an Application for a Writ of Attachment ("Ex Parte Application"). The Application was granted. Claassen Decl. Ex. A.

The hearing date with respect to the application for writ of attachment was scheduled on shortened notice by the Superior Court of California for January 4, 2008. Shortly before the hearing for the Ex Parte Application, on December 31, 2007, defendants filed a Notice of Removal of this action pursuant to 28 U.S.C. section 1441(b). As a result of defendants' removal, the hearing on that Ex Parte Application before the Superior Court of California never took place. *See* Declaration of John Claassen ("Claassen Decl.").

Plaintiffs' counsel was unable to address this matter before the current date, as he was in an arbitration pending under the Kaiser Arbitration Rules between January 7 and January 18, 2008, and on trial call on January 28, 2008. *Id.* He was also called to trial in *Gina Kim vs. Hong Yun Kim* (S.F. Superior Court # CGC-07-460839) on Monday, January 27, 2008.

## PLAINTIFFS' COMPLIANCE WITH Civil L.R. 6-3(a)(2)

On January 29, 2008, Plaintiffs' counsel left a phone message with defendants' counsel to request a stipulation to the change in time, but Plaintiffs' counsel did not hear back from Defendants' counsel. *See* Claassen Decl.

# THIS COURT SHOULD GRANT THE REQUEST FOR CHANGE IN TIME

### A. Plaintiffs will Suffer Irreparable Harm if They are Unable to Recover Their Assets from Defendants

As mentioned above, Judge Jon S. Tigar in Alameda County already granted Plaintiffs' request for an order shortening time pursuant to California Rule of Court 3.1200, *et seq*. See Claassen Decl. Ex. A. In doing, the court made, among others, the implied finding that that Plaintiffs would suffer irreparable harm absent an order shortening the time of a hearing date with respect to a writ of attachment. See Cal. R. Ct 3.1202(c) (requiring an affirmative factual showing in a declaration containing competent testimony based on personal knowledge of irreparable harm, immediate danger, or any other statutory basis for granting relief). Nothing has changed since that order was entered and the Court should find here that the circumstances warrant immediate relief as well.

Indeed, Plaintiffs have firsthand knowledge of Defendants' business activities in relation to this case. *See* Ma Decl. Upon information and belief, Plaintiffs allege that Defendants separately and together freely executed documents in their own names and for each other. *Id*. Plaintiffs are each and all in economic dire straits because of their losses arising from this case. As such, in the event Plaintiffs are awarded damages, recovery from Defendants is essential. *Id*. If Defendants are given more time to potentially render any of their assets judgment proof from this action, Plaintiffs will incur substantial harm and prejudice. A change in time is therefore respectfully requested for Friday, February 8, 2008, if possible for the Court's schedule.

The very nature of an application for writ of attachment warrants relief. Attachment freezes a defendant's assets prior to trial and the incentives to hide and freeze assets pending an attachment hearing is great.

### B. The Shortened Time Should Not Affect the Schedule for This Action

Plaintiffs' request for shortened time should have no effect on this action's schedule or cause any delay. To date there have been no previous time modifications in this case other than application shortening time in Alameda County. Defendants would not be prejudiced in any way by a shortened or changed time to hear Plaintiffs' Application for Writ of Attachment. As such, the request for a change in time to hear Plaintiffs' Application for Writ of Attachment should be granted.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Motion be granted, and an order entered changing the time to hear Plaintiffs' Application for Writ of Attachment.

DATED: January 30, 2008

Respectfully Submitted,

*/s/ John Claassen*

John S. Claassen (SBN 212954)
2201 Broadway, Suite 803
Oakland, CA 94612
Telephone: 510-251-8010
Facsimile: 510-868-3398
john@claassenlegal.com