LAW OFFICE OF JOHN CLAASSEN
JOHN CLAASSEN, ESQ. (212954)
2201 BROADWAY, SUITE 803
OAKLAND, CA 94612
TELEPHONE: (510) 251-8010
FACSIMILE: (510) 868-3398
john@claassenlegal.com

Attorneys for Plaintiffs
KWOK CHO; THAU LONG; XIAO MIN MA; YAN YUN YU; WAI PAK;
MICHELLE B. REN; WENG SHENG WONG; AND WENG K. WONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWOK K. CHO, an individual; THAU LONG, an individual; HAO LONG, an individual; XIAO MIN MA, an individual; YAN YUN YU, an individual; WAI PAK, an individual; MICHELLE B. REN, an individual; WENG SHENG WONG, an individual; and WENG K. WONG, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>MAURICE JACKSON, an individual, and aka RTI and aka REAL TIME INVESTMENTS and aka ECONOMIC RESOURCE SERVICES, REAL TIME INVESTMENTS, LLC, a California limited liability company, ECONOMIC RESOURCE SERVICES, a Nevada corporation, VERNA TAIT, an individual, JACQUELYNE ODOM, aka JACKIE ODOM, an individual, aka JACQUELINE ODOM, MAISHA YVONNE PULLIAM, an individual, aka MAISHA YVONNE JACKSON, ECONOMIC REAL ESTATE SOLUTIONS, INC., a California corporation, and DOES 1 THROUGH 100,<br><br>Defendants. | Case No.: C07-06512 JCS<br><br>**DECLARATION OF XIAO MIN MA IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER TO CHANGE TIME TO HEAR PLAINTIFFS' APPLICATION FOR A WRIT OF ATTACHMENT PURSUANT TO LOCAL RULE 6-3**<br><br>Date: not applicable (Civil L.R. 6-3)<br>Time: not applicable<br><br>Before: Honorable Joseph C. Spero |

## DECLARATION OF XIAO MIN MA

I, Xiao Min Ma, declare as follows:

1. I am Plaintiff Xiao Min Ma in the above-captioned action. I submit this declaration in support of plaintiffs' Motion for Order to Change Time to Hear Plaintiffs' Application for a Writ of Attachment. I have personal knowledge of the facts set forth herein and could and would testify competently thereto if asked to do so.

2. I worked for defendants Maurice Jackson and Verna Tait for several years between May 9, 2005 and June 2006 at Economic Real Estate Solutions, and Real Time Investments, LLC. These companies shared the same address (440 Grand Avenue, Suite 110, Oakland, CA 94610) and the same staff. I worked directly for defendant Verna Tait between December 2005 and June 2006.

3. I also invested in the real estate scheme described in the complaint in this action.

4. Based on the knowledge I learned while working for defendants and investing in their investment scheme, I learned the following, among other things:

5. Promising that "your financial freedom begins with RTI" (Real Time Investments) and that "RTI has developed a unique and creative way to create sustaining returns on your investment," defendants Jackson and Tait, among others, convinced Plaintiffs to invest in a classic ponzi scheme operated by each and every defendant together. Between January 2005 and the present time, Tait operated the scheme with others on behalf of Jackson. She executed investment documents on behalf of Jackson and other defendants. She marketed and sold the investments.

6. Jackson wrote the promissory notes in his own name.

7. Throughout this scheme defendants and each of them represented to Plaintiffs that the high returns came from gains recognized from profitable real estate transactions. In reality, the

initially high returns depended in part on defendants' ability to secure new investors, whose "investments" would be used to repay earlier investors. Before Plaintiffs invested, the defendants never disclosed potential risks. Before they invested, Defendants never disclosed that future investors, if found, would repay their investment. As Jackson conceded in April 2007 to me, if "you want your money back, you need to find more investors."

8.   Defendants offered investors the type of investments set forth in the complaint. Defendants always claimed they invested the proceeds of the investments in real estate investments. The investments came with no disclosures of the risks of the investment. The investments came with no disclosure that Maurice Jackson would use any of the money for things other than real estate investments.

9.   Maurice Jackson joked with investors when he stopped paying the investments that he had sheltered investments in other people's names.

10.  Defendant Verna Tait engaged in all levels of administration of investments. She executed documents relating to investments on behalf of Real Time and Maurice Jackson. She served as the President of Real Time Investments.

11.  I invested a substantial portion of my own savings and assets with Defendants after Defendants assured me of their returns.

12. To date, I have not received the returns on my investment promised by Defendants, and as a result, I am now unable to make the mortgage payments owed on my home.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 30th day of January 2008 in Oakland, California.

_____
XIAO MIN MA

**DECLARATION OF XIAO MIN MA**          C07-06512 CJS
-3-