VERNON C. GOINS II (SBN 195461)
BRIAN K. HILLIARD (SBN 244193)
TAYLOR, GOINS & STALLWORTH LLP
1330 Broadway, Suite 1701
Oakland, CA 94612
Telephone:     (510) 893-9465
Facsimile:     (510) 893-4228

Attorneys for Defendants
MAURICE JACKSON and VERNA TAIT

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWOK K. CHO, an individual, THAU LONG, an individual; HAO LONG, an individual, XIAO MIN MA, an individual; YAN YUN YU, an individual; WAI PAK, an individual; MICHELLE B. REN, an individual; WENG SHENG WONG and WENG K. WONG, an individual<br><br>                  Plaintiffs,<br><br>     vs.<br><br>MAURICE JACKSON, an individual, and aka RTI & aka REAL TIME INVESTMENTS and aka ECONOMIC RESOURCE SERVICES, REAL TIME INVESTMENTS LLC, a California limited liability company, ECONOMIC RESOURCE SERVICES, a Nevada corporation, VERNA TAIT, an individual, JACQUELYNE ODOM aka JACKIE ODOM, MAISHA YVONNE PULLIAM, an individual aka MAISHA YVONNE JACKSON, ECONOMIC REAL ESTATE SOLUTIONS, INC. a California corporation, and DOES 1 THROUGH 100,<br><br>                  Defendants. | No.   C 07-06512 JCS<br><br>**DEFENDANTS MAURICE JACKSON AND VERNA TAIT'S ANSWER TO PLAINTIFFS' VERIFIED AMENDED COMPLAINT** |

COME NOW MAURICE JACKSON, an individual, and VERNA TAIT, an individual (hereinafter "defendants" or "answering defendants") in the above-entitled action and, answering the Complaint on file, therein admit, deny and allege as follows:

<u>ANSWER TO COMPLAINT</u>

1.      Defendants deny the allegation contained in Paragraph 1 of the Complaint.

2.      Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3.      Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 3, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4.      Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.      Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 5, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.      Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 6, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.      Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 7, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8.      Defendants state that they lack information and belief sufficient to admit or deny

the truth or falsity of the allegations contained in Paragraph 8, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9.      Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 9, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10.      Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 10, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11.      Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 11, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12.      Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 12, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13.      Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 13, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14.    Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 14, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15.    Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 15, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.    Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 10, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 10 of the Complaint.

17.    Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 17, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.    Defendants admit that Maurice Jackson resides in Oakland, California. Defendants admit that Jackson made each of the promissory notes on which this complaint is based.   Defendants state they lack information and belief sufficient to admit or deny the truth or falsity of the remaining allegations contained in Paragraph 18, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.    Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 19 , and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.     Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 20, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21.     Defendants admit that Verna Tait resides in Oakland, California. Defendants deny the remaining allegations contained in Paragraph 21 of the Complaint.

22.     Defendants admit that Jacqueline Odom is an adult and that she is Defendant Maurice Jackson's mother. Defendants admit that Jacqueline Odom communicated with investors in the spring and summer of 2007 regarding defaults on payments of promissory notes. Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the remaining allegations contained in Paragraph 22, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants admit that Maisha Pulliam is an adult, the wife of defendant Maurice Jackson and resides in Oakland, California. Defendants deny the remaining allegations contained in Paragraph 23 of the Complaint.

## IV.     DOE DEFENDANTS

24.     Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 24, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 25, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.     Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 26, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 26 of the Complaint.

## V.     ALLEGATIONS COMMON TO EACH CAUSE OF ACTION

27.     Defendants admit that Jackson issued promissory notes in early 2005 in amounts ranging from $20,000 and $300,000.  Defendants deny the remaining allegations contained in Paragraph 27 of the Complaint.

28.     Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 28, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.     Defendants admit that Defendant Tait gave presentations regarding the promissory notes in questions.  Defendants deny the remaining allegations contained in Paragraph 29 of the Complaint.

30.     Defendants admit that Jackson executed and delivered a promissory note to Thau Long in the amount of $150,000.  Defendants admit that plaintiff Long gave him $150,000. Defendants admit that a true and correct copy of this promissory is attached to the Complaint. Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the remaining allegations contained in Paragraph 30, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.     Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the remaining allegations contained in Paragraph 31, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.    Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 32, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.    Defendants the allegations contained in Paragraph 33 of the Complaint.

34,    Defendants admit that Jackson executed and delivered a promissory note to Hao Long in the amount of $60,000.  Defendants admit that plaintiff Hao Long gave defendant Jackson $60,000.  Defendants admit that a true and correct copy of this promissory is attached to the Complaint.  Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the remaining allegations contained in Paragraph 33, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 33 of the Complaint.

35.    Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the remaining allegations contained in Paragraph 35, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.    Defendants admit that Jackson executed and delivered a promissory note to Weng Sheng Wong  in the amount of $20,000.  Defendants admit that plaintiff Wong gave defendant Jackson $20,000.  Defendants admit that a true and correct copy of this promissory is attached to the Complaint.  Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the remaining allegations contained in Paragraph 36, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.    Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the remaining allegations contained in Paragraph 37, and based upon said

lack of information and belief, said Defendants deny the allegations contained in Paragraph 36 of the Complaint.

38.     Defendants admit that Jackson executed and delivered a promissory note to Xiao Min Ma in the amount of $200,000.  Defendants admit that plaintiff Ma gave defendant Jackson $200,000.  Defendants admit that a true and correct copy of this promissory is attached to the Complaint.  Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the remaining allegations contained in Paragraph 38, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 37 of the Complaint.

39.     Defendants admit that Jackson executed and delivered a promissory note to Yan Yun Yu  in the amount of $130,000.  Defendants admit that plaintiff Yu gave defendant Jackson $130,000.  Defendants admit that a true and correct copy of this promissory is attached to the Complaint.  Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the remaining allegations contained in Paragraph 38, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 38 of the Complaint.

40.     Defendants admit that Jackson executed and delivered a promissory note to Wai Pak in the amount of $99,150.  Defendants admit that plaintiff Yu gave defendant Jackson $99,150.  Defendants admit that a true and correct copy of this promissory is attached to the Complaint.  Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the remaining allegations contained in Paragraph 40, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 39 of the Complaint.

41.     Defendants admit that Jackson executed and delivered a promissory note to Kwok K. Cho in the amount of $200,000.  Defendants admit that plaintiff Cho gave defendant Jackson

$200,000.  Defendants admit that a true and correct copy of this promissory is attached to the Complaint.  Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the remaining allegations contained in Paragraph 41, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.     Defendants admit that Jackson executed and delivered a promissory note to Michelle B. Ren  in the amount of $27,000.  Defendants admit that plaintiff Ben gave defendant Jackson $27,000.  Defendants admit that a true and correct copy of this promissory is attached to the Complaint.  Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the remaining allegations contained in Paragraph 41, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 41 of the Complaint.

43.     Defendants admit that Jackson executed and delivered a promissory note to Weng Sheng Wong in the amount of $40,000.  Defendants admit that plaintiff Wong gave defendant Jackson $40,000.  Defendants admit that a true and correct copy of this promissory is attached to the Complaint.  Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the remaining allegations contained in Paragraph 43, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.     Defendants admit that Jackson executed and delivered a promissory note to Weng K. Wong in the amount of $120,000.  Defendants admit that plaintiff Wong gave defendant Jackson $120,000.  Defendants admit that a true and correct copy of this promissory is attached to the Complaint.  Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the remaining allegations contained in Paragraph 44, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.    Defendants deny each and every allegation in Paragraph 45 of the Complaint.

46.    Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.    Defendants admit circulating a document entitled "RTI-Delayed Investment." Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the remaining allegations contained in Paragraph 47, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.    Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 48, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.    Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 49, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.    Defendants admit that Tait and Odom held a meeting at 454 Grand Avenue regarding RTI.  Defendants deny the remaining allegations in Paragraph 50 of the Complaint.

51.    Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 51, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.    Defendants deny each and every allegation contained in Paragraph 52 of the Complaint.

53.    Defendants deny each and every allegation contained in Paragraph 53 of the Complaint.

54.     Defendants deny each and every allegation contained in Paragraph 54 of the Complaint.

55.     Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 55, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56.     Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 56, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.     Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 57, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.     Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 58, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.     Defendants deny each and every allegation contained in Paragraph 59 of the Complaint.

60.     Defendants deny each and every allegation contained in Paragraph 60 of the Complaint.

61.     Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 61, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.     Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 62, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63.     Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 63, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.     Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 64, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.     Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66.     Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.     Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68.     Defendants deny the contained in Paragraph 68 of the Complaint.

69.     Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 69, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70.     Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 70, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.     Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 71, and based upon said lack of

information and belief, said Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.    Defendants admit the allegations contained in Paragraph 72 of the Complaint.

73.    Defendants deny each and every allegation contained in Paragraph 73 of the Complaint.

74.    Defendants deny each and every allegation contained in Paragraph 74 of the Complaint.

75.    Defendants deny each and every allegation contained in Paragraph 75 of the Complaint.

76.    Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 76, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77.    Defendants state that they lack information and belief sufficient to admit or deny the truth or falsity of the allegations contained in Paragraph 77, and based upon said lack of information and belief, said Defendants deny the allegations contained in Paragraph 77 of the Complaint.

## AFFIRMATIVE DEFENSES

By way of affirmative defenses, to all causes of action, these answering defendants allege:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

The allegations of the Complaint fail to state facts sufficient to constitute a cause of action against these answering defendants.

1

2

## SECOND AFFIRMATIVE DEFENSE
(Modification of Contract)

3

4

Answering defendants are informed, believe and thereon allege that plaintiff modified the contract or agreement that is the subject of the Complaint herein. Answering defendants have performed all the conditions of the contract, as modified, on their part to be performed in accordance with the terms of the contract and its modification. Any condition not performed by these answering defendants was unperformed because of plaintiff's acts preventing these answering defendants from performing them.

5

6

7

8

9

## THIRD AFFIRMATIVE DEFENSE
(Prevention of Performance)

10

Answering defendants have performed all of the conditions of the contract on their part to be performed. Any conditions not performed by these answering defendants were unperformed because of plaintiff's acts preventing these answering defendants from performing them, if any were unperformed.

11

12

13

14

15

## FOURTH AFFIRMATIVE DEFENSE
(Equitable Estoppel)

16

17

As to each cause of action alleged in the Complaint, plaintiff is estopped from seeking relief therein due to plaintiff's wrongful conduct and/or willful conduct with reference to the subject matter of the Complaint.

18

19

## FIFTH AFFIRMATIVE DEFENSE
(Void Contract)

20

21

As to each cause of action alleged in the Complaint, each cause of action therein is void or voidable because of illegality, fraud and/or misrepresentation by plaintiff.

22

23

## SIXTH AFFIRMATIVE DEFENSE
(Unclean Hands)

24

25

Each and every cause of action alleged against these answering defendants is barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE
(Waiver)

Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of contract, negligence, or any other conduct, if any, as set forth in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE
(Delay of Performance)

These answering defendants have performed, in a timely manner, all of the conditions of the contract on their part to be performed.  Any conditions not timely performed by these answering defendants were not timely performed because plaintiff and/or her agents delayed these answering defendants from timely performing as required by the terms of any agreement, representation or contract alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE
(Ratification)

Plaintiff is barred from asserting each and all of its causes of action by reason of her ratification of the conduct of these answering defendants.

## TENTH AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

Answering defendants are informed and believe, and upon such information and belief, allege, that had plaintiff taken reasonable action to mitigate her damages (and she did not), she would not have suffered the damages she allegedly sustained by reason of these answering defendants' alleged acts and omissions and plaintiff's rights to recover damages is barred or diminished accordingly.

## ELEVENTH AFFIRMATIVE DEFENSE
(Civil Code §1473)

These answering defendants allege that prior to commencement of this action, they duly performed, satisfied and discharged all duties and obligations they may have owed to plaintiff arising out of any and all agreements, representations or contracts made by them or on behalf of

these answering defendants, and this action is therefore barred by the provisions of California

Civil Code Section 1473.

## TWELFTH AFFIRMATIVE DEFENSE
### (Consent)

Plaintiff and/or her agents have at all times given their consent, expressed or implied, to

any acts, omissions, representations, and courses of conduct of these answering defendants as

alleged in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Failure of Consideration)

As to the Complaint and each cause of action thereof, based upon any agreement or

duties of these answering defendants, there has been a failure of consideration.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Each and every action against these answering defendants is barred by the applicable

Statute of Limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Acquiescence)

Plaintiff acquiesced in, and in some instances even directed, the course of conduct of

these answering defendants, if any, as alleged in the Complaint.  Such acquiescence removes any

right of plaintiff to now object to such course of conduct by these answering defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Negligence of Plaintiff)

Plaintiff was negligent in or about the matters alleged in the Complaint and such

negligence was either the sole proximate cause of the alleged damages, if there were any,

or a substantial and contributing proximate cause reducing the liability of these answering

defendants proportionately.

## SEVENTEENTH AFFIRMATIVE DEFENSE
(Assumption of Risk)

These answering defendants are informed, believe and thereon allege that at all times relevant to this action, plaintiff was well aware of the risks involved in the transactions alleged in the Complaint and in particular the risk involved in their failure to perform their duties and obligations under any agreement or contract so alleged.  Plaintiff nevertheless assumed said risks, thus barring any recovery from these answering defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE
(Novation)

Plaintiff and these answering defendants engaged in conduct constituting a valid novation of any preceding agreements or contract between them with the intent to extinguish any obligations of any such original agreement or contract and to substitute new and different obligations.  These answering defendants performed the obligations required of them under each and every such novation.  Any such conditions not performed under any novation were excused by plaintiff's conduct.

## NINETEENTH AFFIRMATIVE DEFENSE
(Fault of Others)

As and for a further and separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, these answering defendants allege that other persons or entities who are defendants and/or plaintiff in this action, and/or other persons or entities who have not yet been named in this action, were themselves at fault in and about the matters referred to in the Complaint and that such fault proximately caused or contributed to the injuries and damages complained of, if any.

///

TWENTIETH AFFIRMATIVE DEFENSE
(Reservation of Rights)

As discovery has not yet been completed, these answering defendants respectfully request to reserve rights to amend and state additional affirmative defenses that have not been pled at this time, when the factual bases for the same shall have been ascertained.

**WHEREFORE**, these answering defendants pray for the following relief:

1.    That plaintiff take nothing from these answering defendants;

2.    That a judgment of dismissal be entered in favor of these answering defendants;

3.    For costs of suit herein; and

4.    For such other and further relief as the Court may deem just and proper.

Dated: February 19, 2008                         TAYLOR, GOINS & STALLWORTH LLP

s/Vernon C. Goins
VERNON C. GOINS
Attorneys for Defendants
MAURICE JACKSON
and VERNA TAIT