LAW OFFICE OF JOHN CLAASSEN
JOHN CLAASSEN, ESQ. (212954)
2201 BROADWAY, SUITE 803
OAKLAND, CA 94612
TELEPHONE:  (510) 251-8010
FACSIMILE:  (510) 868-3398
john@claassenlegal.com

Attorney for Plaintiffs
KWOK CHO; THAU LONG; HAO LONG; XIAO MIN MA; YAN YUN YU; WAI PAK;
MICHELLE B. REN; WENG SHENG WONG; AND WENG K. WONG

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWOK K. CHO, an individual; THAU LONG, an individual; HAO LONG, an individual; XIAO MIN MA, an individual; YAN YUN YU, an individual; WAI PAK, an individual; MICHELLE B. REN, an individual; WENG SHENG WONG, an individual; and WENG K. WONG, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> MAURICE JACKSON, an individual, and aka RTI and aka REAL TIME INVESTMENTS and aka ECONOMIC RESOURCE SERVICES, REAL TIME INVESTMENTS, LLC, a California limited liability company, ECONOMIC RESOURCE SERVICES, a Nevada corporation, VERNA TAIT, an individual, JACQUELYNE ODOM, aka JACKIE ODOM, an individual, aka JACQUELINE ODOM, MAISHA YVONNE PULLIAM, an individual, aka MAISHA YVONNE JACKSON, ECONOMIC REAL ESTATE SOLUTIONS, INC., a California corporation, and DOES 1 THROUGH 100, <br><br> Defendants. | Case No.:  C07-06512 JCS <br><br> **SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT (F.R.C.P. 56)** <br><br><br> **Date: May 2, 2008** <br> **Time: 9:30 a.m.** <br> **Dept: Courtroom A, 15th Floor** <br> **Before: Honorable Joseph C. Spero** |

Plaintiffs Kwok K. Cho, Hao Long, Xiao Min Ma, Yan Yun Yu, Wai Pak, Michelle B. Ren, Weng Sheng Wong, and Weng K. Wong hereby submit their statement of undisputed material facts pursuant to the Court's Case Management Order in support of their Motion for Partial Summary Judgment against defendants Maurice Jackson and Verna Tait.[1]

**SUMMARY ADJUDICATION OF PLAINTIFFS' BREACH OF CONTRACT CLAIM IS PROPER BECAUSE DEFENDANTS ADMIT THAT THEY ISSUED PROMISSORY NOTES TO PLAINTIFFS AND RECEIVED PAYMENT ACCORDINGLY.**

| PLAINTIFF'S CONTENTION | DEFENDANT'S RESPONSE |
|---|---|
| 1. On or around October 3, 2005, defendant Maurice Jackson executed and delivered a promissory note to plaintiff Hao Long ("H. Long") in the amount of $60,000. Declaration of John Claassen, dated March 26, 2008 ("Claassen Decl."), 1:9-12; Amended Complaint, Exhibit 1 to Claassen Decl, at 6:15-20 & Exhibit B to the Amended Complaint.  See also Claassen Decl., 1:13-16; Answer, Exhibit 2 to Claassen Decl. at 7:7-10; Declaration of H. Long ("H. Long Decl.") dated March 26, 2008, 1:7-10. | |
| 2. The promissory note executed and delivered | |

---

[1] Plaintiffs' counsel inquired with Defendants' counsel regarding the feasibility of doing a joint statement pursuant to the Court's case management order but received what they believed to be was an inadequate response.  Declaration of John Claassen, dated March 26, 2008 ¶ 6 & Ex. 3.

| | |
|---|---|
| to H. Long had a maturity date of April 3, 2006.<br><br>Amended Complaint, 6:15-20 & Exhibit B to the Amended Complaint; H. Long Decl., 1:11. | |
| 3. H. Long paid to defendants the principal amount specified in the promissory note.<br><br>Answer, 7:7-9; H. Long Decl. 1:12. | |
| 4. When the note matured, H. Long reinvested, and continued to reinvest at least some of the amount he had invested.<br><br>H. Long Decl. 1:13-15. | |
| 5. On or around October 27, 2006, Jackson paid H. Long the sum of $50,000 but did not return the remainder of the amount due under the promissory note.  H. Long. Decl. 1:16-17. | |
| 6. Under the last reinvestment, H. Long was to receive payment in full no later than June 30, 2007.<br><br>H. Long Decl., 1:18-20. | |
| 7. To date, H. Long has not received payment as promised and therefore is now due and | |

owed the unpaid sum of $10,000, as payment has not been excused.

H. Long. Decl., 1:20-22.

8. On or around December 5, 2006, Jackson executed and delivered a promissory note to plaintiff Xiao Min Ma ("Ma") in the amount of $200,000.

Amended Complaint, 7:21 through 8:1 & Exhibit D to the Amended Complaint; Answer, 8:3-6; Declaration of Ma dated March 26, 2008 ("Ma Decl."), 1:7-9.

9. The promissory note executed and delivered to Ma had a maturity date of April 26, 2007.

Amended Complaint, 7:21 through 8:1 & Exhibit D to the Amended Complaint; Ma Decl. 1:10-11.

10. Ma paid to Defendants the principal amount specified in the promissory note on or around the date the promissory note was executed.

Answer, 8:3-6 & Exhibit D to the Amended Complaint; Ma Decl. 1:12-14.

11. In or around June, 2007, Defendants paid to

| | |
|---|---|
| Ma $20,000 to provide to Plaintiff Yan Yun Yu, but Defendants did not pay the $200,000 owed to Ma. Ma provided Yu with the $20,000.<br><br>Ma Decl. 1:14-16. | |
| 12. To date, Ma has not received payment as promised under the investment and therefore is now due and owed the unpaid sum of $200,000, as payment has not been excused.<br><br>Ma Decl. 1:17-18. | |
| 13. On or around December 5, 2006, Jackson executed and delivered a promissory note to plaintiff Yan Yun Yu ("Yu") in the amount of $130,000.<br><br>Amended Complaint, 8:6-11 & Exhibit E to the Amended Complaint; Answer, 8:10-13; Declaration of Yu dated March 26, 2008 ("Yu Decl.") 1:7-10. | |
| 14. The promissory note executed and delivered to Yu had a maturity date of April 26, 2007.<br><br>Amended Complaint, 8:6-11 & Exhibit E to the Amended Complaint; Yu Decl., 1:11-13. | |

| | |
|---|---|
| 15. Yu paid to Defendants the principal amount specified in the promissory note.<br><br>Answer, 8:10-13; Yu Decl., 1:13-14. | |
| 16. Ma paid Yu $20,000 in or around June, 2007, that she received from defendants. To date, Yu has not received payment as promised for the rest of her investment and is therefore now due and owed the unpaid sum of $110,000, as payment has not been excused.<br><br>Yu Decl. 1:14-17. | |
| 17. On or around December 8, 2006, Jackson executed and delivered a promissory note to plaintiff Wai Pak ("Pak") in the amount of $99,150.<br><br>Amended Complaint, 8:19-25 & Exhibit F to the Amended Complaint; Answer, 8:17-20; Pak Declaration, dated March 26, 2008 ("Pak Decl."), 1:7-9. | |
| 18. The promissory note executed and delivered to Pak had a maturity date of May 27, 2007.<br><br>Amended Complaint, 8:19-25 & Exhibit F to the Amended Complaint; Pak Decl., 1:10. | |

| | |
|---|---|
| 19. Pak paid to Defendants the principal amount specified in the promissory note.<br><br>Answer, 8:17-20; Pak Decl., 1:11. | |
| 20. To date, Pak has not received payment as promised and therefore is now due and owed the unpaid sum of $99,150, as payment has not been excused.<br><br>Pak Decl., 1:12-14. | |
| 21. On or around December 8, 2006, Jackson executed and delivered a promissory note to plaintiff Kwok K. Cho ("Cho") in the amount of $200,000.<br><br>Amended Complaint, 9:4-9 & Exhibit G to the Amended Complaint; Answer, 8:23 through 9:2; Declaration of Cho, dated March 26, 2008 ("Cho Decl."), 1:7-9. | |
| 22. The promissory note executed and delivered to Cho had a maturity date of May 4, 2007.<br><br>Amended Complaint 9:4-9 & Exhibit G to the Amended Complaint; Cho Decl., 1:10. | |
| 23. Cho paid to Defendants the principal amount specified in the promissory note.<br><br>Answer, 8:23 through 9:2; Cho Decl. 1:11. | |

24. To date, Cho has not received payment as promised and therefore is now due and owed the unpaid sum of $200,000, as payment has not been excused.

Cho Decl. 1:12-14.

25. On or around December 8, 2006, Jackson executed and delivered a promissory note to plaintiff Michelle B. Ren ("Ren") in the amount of $27,000.

Amended Complaint, 9:16-21 & Exhibit H to the Amended Complaint; Answer, 9:6-9; and Declaration of Ren, dated March 26, 2008 ("Ren Decl."), 1:7-9.

26. The promissory note executed and delivered to Ren had a maturity date of May 27, 2007.

Amended Complaint, 9:16-21 & Exhibit H to the Amended Complaint; Ren Decl. 1:10.

27. Ren paid to Defendants the principal amount specified in the promissory note.

Answer, 9:6-9; Ren Decl. 1:11.

28. To date, Ren has not received payment as promised and therefore is now due and owed the unpaid sum of $27,000, as

payment has not been excused.

Ren Decl. 1:12-14.

29. On or around January 26, 2007, Jackson executed and delivered a promissory note to plaintiff Weng Sheng Wong ("WS Wong") in the amount of $40,000.

Amended Complaint, 9:22-26 & Exhibit I to the Amended Complaint; Answer, 9:13-16; Declaration of WS Wong, dated March 26, 2008 ("WS Wong Decl."), 1:7-9.

30. The promissory note executed and delivered to WS Wong had a maturity date of May 27, 2007.

Amended Complaint, 9:22-26 & Exhibit I to the Amended Complaint; WS Wong Decl., 1:10.

31. WS Wong paid to Defendants the principal amount specified in the promissory note.

Answer, 9:13-16; WS Wong Decl. 1:11.

32. To date, WS Wong has not received payment as promised and therefore is now due and owed the unpaid sum of $40,000, as payment has not been excused.

| | |
|---|---|
| WS Wong Decl., 1:12-14. | |
| 33. On or around February 12, 2007, Jackson executed and delivered a promissory note to plaintiff Weng K. Wong ("WK Wong") in the amount of $190,000.<br><br>Amended Complaint, 10:7-12 & Exhibit J to the Amended Complaint; Answer, 9:20-23; Declaration of WK Wong, dated March 26, 2008 ("WK Wong Decl."), 1:7-9. | |
| 34. The promissory note executed and delivered to WK Wong had a maturity date of July 5, 2007.<br><br>Amended Complaint, 10:7-12 & Exhibit J to the Amended Complaint; WK Wong Decl., 1:10. | |
| 35. WK Wong paid to Defendants the principal amount specified in the promissory note.<br><br>WK Wong Decl., 1:11. | |
| 36. To date, WK Wong has not received payment as promised and therefore is now due and owed the unpaid sum of $190,000, as payment has not been excused.<br><br>WK Wong Decl., 1:12-14. | |

37. On or around March 15, 2007, Verna Tait, on behalf of defendants, executed and delivered an investment agreement to WS Wong pursuant to which she accepted the sum of $120,000 in exchange for the promise to deliver a promissory note to WS Wong in the principal amount of $120,000.

Amended Complaint, 10:20-27 & Exhibit K to the Amended Complaint; WS Wong Decl., 1:14-18.

38. The investment was to have a period of six months with a maturity date of September 22, 2007.

Amended Complaint, 10:20-27 & Exhibit K to the Amended Complaint; WS Wong Decl., 1:19-22 & "Investment Maturity Options," Exhibit A to WS Wong Decl.

39. WS Wong paid to Defendants the principal amount specified for the investment.

WS Wong Decl., 1:23.

40. To date, WS Wong has not received payment as promised and therefore is now due and owed the unpaid sum of $120,000,

as payment has not been excused.

WS Wong Decl., 1:24-26.

**SUMMARY ADJUDICATION AGAINST JACKSON AND TAIT WITH RESPECT TO PLAINTIFFS' RESCISSION CLAIM IS PROPER BECAUSE THERE IS NO MATERIAL DISPUTE THAT THE INVESTMENTS WERE UNREGISTERED AND UNQUALIFIED.**

41. Plaintiffs are several of many investors who purchased promissory notes from Defendants.

Amended Complaint, *passim;* Ma Decl. 2:4-13 & e-mail, Exhibit B to the Ma Decl.

42. The promissory notes were marketed, promoted, and sold through defendant Real Time Investments ("Real Time").

Amended Complaint, *passim*; Ma Decl. 2:1 through 3:10 & e-mail, Exhibit B; letter, Exhibit C; power point presentation, Exhibit D to Ma Decl.

43. Tait was a principal officer of Real Time.

Ma Decl. 2:14-17 & Exhibit C to the Ma Decl.; Cho Decl., 1:14-18 & letter, Exhibit A to the Cho Decl.; WS Wong Decl., 2:1-4 & letter, Exhibit B to the WS Wong Declaration; WK Wong Decl., 1:15-17 & letter, Exhibit A to the WK Wong Decl.

44. As an officer of Real Time, Tait routinely led investment presentations for potential investors like plaintiffs.

Ma Decl., 2:17-21.

45. During the presentations, Tait talked about the "investment services" available to Real Time customers.   She told investors that Real Time had developed a "unique and creative" way of sustaining returns on investment.   She told investors, "We utilize a variety of real estate channels to produce high growth returns on investments."   She described the terms of the investment.   She offered prospective investors the opportunity to invest by meeting with an advisor or principal of the firm.

Ma Decl., 2:22 through 3:2 & Exhibit D to the Ma Decl.

46. Tait advertised that Real Time had helped over "1,100 investors achieve their financial goals."   Ma Decl., 2:22 through 3:2 & Exhibit D, at page 2.

47. At the end of the investor presentations, Tait

| | |
|---|---|
| routinely met with potential investors to encourage them to invest.<br><br>Ma Decl., 3:3-5. | |
| 48. Tait executed investment documents on behalf of Real Time.<br><br>Ma Decl., 3:8-10 & "Terms and Agreement for RTI Investors," Exhibit E to the Ma Decl; Cho Decl., 1:19-22 & "Terms and Agreement for RTI Investors," Exhibit B to the Cho Decl; WS Wong Decl., 2:4-7 & "Terms and Agreement for RTI Investors," Exhibit C to the WS Wong Decl. | |
| 49. Tait received money from Plaintiffs.<br><br>Ma Decl., 3:10 through 4:7 & "RTI Investor Information," exhibit F; "RTI Investor Information," exhibit G; "RTI Investor Information," exhibit H; "RTI Investor Information," exhibit I; & "RTI Investor Information," exhibit J to the Ma Decl. | |
| 50. Tait communicated with investors as the investments matured.<br><br>Ma Decl., 2:4-16 & exhibits A & B to the Ma Decl.; Cho Decl., 1:14-18 & Exhibit A | |

to the Cho Decl.; WS Wong Decl., 2:1-4 & Exhibit B to the WS Wong Decl; WK Wong Decl., 1:15-17 & Exhibit A to the WK Wong Decl.

51. The investments were purchased by, among others, investors who lived in states outside of the State of California, such as Oregon.
Amended Complaint, 2:14 & 2:17; Cho Decl., 1:14-18; H Long. Decl., 2:3.

52. Investment documents were distributed to investors using the United States Postal Service.
Ma Decl., 2:14-17 & Exhibit C to the Ma Decl.; Cho Decl., 1:14-18 & Exhibit A to the Cho Decl.;  WS Wong Decl., 2:1-3 & Exhibit B to WS Wong Decl; WK Wong Decl., 1:15-17 & Exhibit A to the WK Wong Decl.

53. Potential investors routinely called Tait at Real Time's office to ask Tait about the terms of their investment.
Ma Decl., 3:6-8.

54. Investors communicated with Jackson and

| | |
|---|---|
| Real Time personnel using e-mail.<br><br>Ma Decl., 2:4-13 & Exhibit B to the Ma Decl. | |
| 55. Defendants issued the promissory notes set forth in Exhibits A through J of the Amended Complaint.<br><br>Amended Complaint, exhibits A through J; Answer, 6:16-18; 7:7-10; 7:18-21; 8:3-6; 8:10-13; 8:17-20; 8:23 through 9:2; 9:6-9; 9:13-16; 9:20-23. | |
| 56. Defendants issued the investment document set forth in Exhibit K of the Amended Complaint.<br><br>Amended Complaint, Exhibit K to the Amended Complaint; WS Wong Decl. 1:15-18. | |
| 57. The notes and other documents were marketed as investments.<br><br>Ma Decl. 2:1 through 3:10 & Exhibit D to the Ma Decl. | |
| 58. Each of the promissory notes alleged in the Amended Complaint was labeled on its face as an "investment." | |

| | |
|---|---|
| Amended Complaint, exhibits A through J. | |
| 59. The document set forth in Exhibit K reflects on its face an investment. Amended Complaint, exhibit K. | |
| 60. But for the extraordinary returns offered by the promissory notes, Plaintiffs would not have purchased them. Ma Decl., 4:8-10; Cho Decl., 2:1-2; WS Wong Decl., 2:8-10; H. Long Decl., 1:23-24; WK Wong Decl., 1:18-20; Ren Decl., 1:14-16; Yu Decl., 1:18-19; Pak Decl., 1:14-16. | |
| 61. The promissory notes were not registered by the Securities and Exchange Commission. Claassen Decl., 1:17 through 2:8. | |
| 62. The promissory notes were not qualified by the California Department of Corporations. Claassen Decl., 2:9-11. | |
| 63. Some of the promissory notes issued to Plaintiffs are, by their terms, unsecured. Amended Complaint, exhibits B, C, H, I, K; Answer, 7:7-10; 7:18-21; 9:6-9; 9:13-16. | |
| 64. The remaining promissory notes were | |

secured only by property that Jackson, the issuer, did not own.

Amended Complaint exhibits A, D, E, F, G, J; Answer, 6:16-18; 8:3-6; 8:10-13; 8:17-20; 8:23 through 9:2; 9:20-23; Claassen Decl. ¶¶ 2:17 through 3:4 & exhibits 4 & 5.

65. In addition, Defendants granted multiple security interests in the same property such that the security interests they conveyed were valueless.

Amended Complaint exhibits D-G, J; Answer, 8:3-6; 8:10-13; 8:17-20; 8:23 through 9:2; 9:20-23.

66. Ma and Yu agreed to reinvest all or part of their notes on or around April 14, 2007. Tait executed their reinvestments.

Ma Decl., 3:8-10 & Exhibit E; Yu Decl. 1:20-23.

67. H. Long also reinvested.

H.Long at 1:13-15.

68. The reinvestments were a mere continuation of prior investments with the same high

interest.

Ma Decl., 4:10-12 & Exhibit E; Yu Decl.,
1:20-23; H. Long Decl., 1:25 through 2:2.

69. Like their original investments, Ma's, Yu's,
and H. Long's reinvestments were marketed
to them as investments.

Ma Decl., 4:10-12 & Exhibit E; Yu Decl.,
1:20-23;  H. Long Decl., 1:25 through 2:2.

70. Their reinvestment documents, when issued,
were labeled on their face as "investments."

Ma Decl., 3:8-10 & Exhibit E.

71. But for the extraordinary returns offered by
the terms of the reinvestment, Ma, Yu, and
H. Long would not have reinvested.

Ma Decl., 4:10-14; Yu Decl., 1:18 through
2:1; H. Long Decl., 1:25 through 2:2.

72. The reinvestments were not registered by
the Securities and Exchange Commission.

Claassen Decl., 1:17 through 2:8.

//

//

//

1
2
3
4

73. The reinvestments were not qualified by the

California Department of Corporations.

Claassen Decl., 2:9-11.

5

6    DATED:   March 27, 2008                          Respectfully Submitted,

7                                                     /s/ John Claassen

8                                                     _____

9                                                     John Claassen (SBN 212954)
                                                      2201 Broadway, Suite 803
10                                                    Oakland, CA  94612
                                                      Telephone: 510-251-8010
11                                                    Facsimile: 510-868-3398
                                                      john@claassenlegal.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28