LAW OFFICE OF JOHN CLAASSEN
*JOHN CLAASSEN, ESQ. (212954)*
2201 BROADWAY, SUITE 803
OAKLAND, CA 94612
TELEPHONE: (510) 251-8010
FACSIMILE: (510) 868-3398
john@claassenlegal.com

Attorney for Plaintiffs
KWOK CHO; THAU LONG; XIAO MIN MA; YAN YUN YU; WAI PAK;
MICHELLE B. REN; WENG SHENG WONG; AND WENG K. WONG

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWOK K. CHO, an individual; THAU LONG, an individual; HAO LONG, an individual; XIAO MIN MA, an individual; YAN YUN YU, an individual; WAI PAK, an individual; MICHELLE B. REN, an individual; WENG SHENG WONG, an individual; and WENG K. WONG, an individual,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MAURICE JACKSON, an individual, and aka RTI and aka REAL TIME INVESTMENTS and aka ECONOMIC RESOURCE SERVICES, REAL TIME INVESTMENTS, LLC, a California limited liability company, ECONOMIC RESOURCE SERVICES, a Nevada corporation, VERNA TAIT, an individual, JACQUELYNE ODOM, aka JACKIE ODOM, an individual, aka JACQUELINE ODOM, MAISHA YVONNE PULLIAM, an individual, aka MAISHA YVONNE JACKSON, ECONOMIC REAL ESTATE SOLUTIONS, INC., a California corporation, and DOES 1 THROUGH 100,<br><br>　　　　Defendants. | Case No.: C07-06512 JCS<br><br>**DECLARATION OF JOHN CLAASSEN, ESQ. IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**Date: May 2, 2008**<br>**Time: 9:30 a.m.**<br>**Dept: Courtroom A, 15th Floor**<br>**Before: Honorable Joseph C. Spero** |

**DECLARATION OF JOHN CLAASSEN, ESQ.**      **C07-06512 JCS**

## DECLARATION OF JOHN CLAASSEN, ESQ.

I, John Claassen, Esq., declare as follows:

1. I am attorney for plaintiffs in the above-captioned action. I submit this declaration in support of plaintiffs' motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56(a). I have personal knowledge of the facts set forth herein and could and would testify competently thereto if asked to do so.

2. Attached hereto as Exhibit 1 is a true and correct copy of plaintiffs' verified amended complaint in this action. This copy is provided both for the convenience of the Court and because the copy provided to the Court by defendants when they removed this action is missing pages and exhibits and is therefore incomplete.

3. Attached hereto as Exhibit 2 is a true and correct copy of defendant Maurice Jackson and defendant Verna Tait's answer to plaintiffs' verified amended complaint in this action. This copy is provided for the Court's convenience.

4. As set forth in the Amended Complaint and the accompanying declaration of Xiao Min Ma, among others, this action involves the distribution of a large number of similar promissory notes and investments to members of the public. I have the reviewed the website of the Securities and Exchange Commission and have searched on that website for the terms "rti," "Real Time" and "Jackson." Based on my experience, any time a company is registered or qualified, evidence of the registration or qualification can be found on such website through search under company filings for registration statements. This time when I searched for these three terms, the searches revealed no registration statement in effect by defendants in this action under federal securities laws. I also searched the California Department of Corporations website at www.corp.ca.gov. It is my understanding that a page on that website that is entitled "cal-EASI" allows any internet users access

**DECLARATION OF JOHN CLAASSEN, ESQ.**                                    **C07-06512 JCS**
-1-

to a searchable database that contains information regarding efforts by securities issuers to qualify securities under California law. I searched the cal-EASI web page for "rti," "Real Time" and "Jackson." This time when I searched for these three terms, the searches revealed no permit applications by defendants in this action under state securities laws. I have also reviewed all of the papers on file in this action. Based on my review, I have seen no evidence suggesting the promissory notes or reinvestments were registered by the Securities and Exchange Commission.

5.  Based on my review, I have seen no evidence suggesting the promissory notes or reinvestments were qualified by the California Department of Corporations.

6.  In accordance with the Court's case management order, I contacted Vernon Goins, Esq., opposing counsel, to inquire about the feasibility of a joint statement of undisputed facts. Attached hereto as <u>Exhibit 3</u> is a true and correct copy of a letter I sent to opposing counsel. On or around Tuesday, March 26, 2008, I had a conversation with Mr. Goins in which I discussed the same question. I received no indication that a joint statement would be feasible.

7.  Attached hereto as <u>Exhibit 4</u> is a true and correct copy of a grant deed from Maurice Jackson to his wife, Maisha Pulliam, with respect to the transfer of his interest in 13506 Campus Drive, Oakland, California, to Ms. Pulliam. The document shows that, as of June 2005, Jackson had no interest in the property.

//
//
//
//
//

**DECLARATION OF JOHN CLAASSEN, ESQ.**            **C07-06512 JCS**

-2-

8. Attached hereto as <u>Exhibit 5</u> is a true and correct copy of a grant deed with respect to a property located at 2575 62nd Avenue, Oakland, California. The document shows that Jackson is not the owner of such property.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 27th day of March 2008 in Oakland, California.

/s/ John Claassen, Esq.

_____
JOHN CLAASSEN, ESQ.