and thereon allege that Odom was also hired by Jackson as a "consultant" at RTI and ERS and in that capacity, marketed, sold and promoted the investments to potential and actual investors. Among other actions engaged in Odom is service as a representative of other defendants in marketing investments beginning no later than 2005. In the spring and summer of 2007, she routinely communicated with investors about the defaults on payments of the promissory notes. In these and other communications, she represented that the investments were safe when they were not safe and the investors could trust her son when, in fact, she had no reasonable basis for making these assertions.

23.   Plaintiffs are informed and believe and thereon allege that defendant Maisha Yvonne Pulliam ("Pulliam") is a competent adult residing in Alameda County. She is the wife of Jackson. Plaintiffs are informed and believe and thereon allege that, between January 2005 and the present time, Pulliam has been the beneficiary of conveyances worth millions of dollars from Jackson including, among other things, a single family residence located at 13506 Campus Drive, Oakland, California without reasonable value. Plaintiffs are further informed and believe and thereon allege that Pulliam has materially assisted Jackson and the other defendants in violating Federal and State securities laws by, among other things, laundering money and otherwise helping them hide assets.

### IV.   DOE DEFENDANTS

24.   Plaintiffs are ignorant of the true names and capacities of the defendants sued herein as Does 1 to 50 but Plaintiffs are informed and believe and allege thereupon that each of them is responsible in some manner for the harm alleged herein by Plaintiffs.

25.   Plaintiffs are informed and believe and thereon allege that Does 51 to 100 are agents or employees of the named defendants.

26.   Plaintiffs are informed and believe and thereon allege that each of the defendants stand together as principal, agent, joint venturer, or partner or alter ego of the other and, in doing the things

hereinafter alleged, was acting within the scope of employment with the consent and ratification of the other.

## V. ALLEGATIONS COMMON TO EACH CAUSE OF ACTION

27. Plaintiffs are informed and believe and thereon allege that Jackson commenced, in or around early 2005, to market, promote, issue and sell, promissory notes to investors in amounts ranging between $20,000 and $300,000 while promising 50% interest and a maturity in six months.

28. Plaintiffs are informed and believe and thereon allege that he promoted and sold such investments through the trade name RTI and Real Time.

29. Plaintiffs are informed and believe and thereon allege that Tait, in her capacity as General Manager of ERS and ERES, among other things, designed forms that individual investors would complete to subscribe to the investment, marketed the investment by discussing the investment with potential investors, and routinely gave presentations at the offices of Real Time and ERS at 440 Grand Avenue, in Oakland.

30. On or around March 9, 2005, Jackson executed and delivered a secured promissory note in amount of $150,000 bearing an annualized interest rate of 100 percent and a maturity date of September 16, 2005 to plaintiff Thau Long. The note was secured by the Property. Prior to the transaction, Jackson, Tait, ERES, ERS and Real Time represented that the high returns came from gains from real estate transactions. In exchange, plaintiff Thau Long gave Jackson $150,000. A true and correct copy of this promissory note is attached hereto as Exhibit A. At the time, defendants and each of them failed to disclose to plaintiff Thau Long, among other things, that (i) they would not perfect his security interest in the Property; (ii) that they would grant many other investors competing liens on the Property; (iii) that his investment carried a high level of risk, (iv) that repayment depended