50. On or around July 12, 2007, Odom and Tait held an "affiliate update meeting" at ERES, ERS, and Real Time's offices located at 454 Grand Avenue in Oakland. The meeting was held to assuage the feelings of investors whose promissory notes had matured but who had not been repaid. During the meeting, Odom acknowledged that the defendants until then had operated an illegal "pyramid scheme" and that such scheme could not continue. She then solicited the investors' agreement to an investment with a longer maturity date and less interest.

## VI.   CAUSES OF ACTION
### FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT AGAINST ALL DEFENDANTS)

51. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 50, as if fully set forth herein.

52. Plaintiffs accepted the promissory notes or reinvestment agreements described previously herein from Jackson or Tait in exchange for providing him the principal amounts thereof.

53. Due to the acts complained of herein and Jackson's complete control over each of Jackson, ERES, and Real Time, together, each is the alter ego of Jackson, and their separate existence should be disregarded by the Court.

54. Plaintiffs paid Jackson the principal amounts thereof.

55. Each such promissory note and reinvestment agreement has matured.

56. Defendants have not made payment.

57. Defendants' performance has not been excused.

WHEREFORE, Plaintiffs demand the relief set forth below.

## SECOND CAUSE OF ACTION

(SECURITIES FRAUD – 15 U.S.C. §78j(b), RULE 10B-5, PROMULGATED AT 17 C.F.R. § 240.10b-5; CA CORPORATIONS CODE §§ 25501, 25503 AGAINST ALL DEFENDANTS)

58. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 50, as if fully set forth herein.

59. Defendants, by engaging in the conduct described above, directly or indirectly, in connection with the purchase or sale of securities, by the use of means or instrumentalities of interstate commerce, or of the mails, or of a facility of a national securities exchange, with scienter:

   a. employed devices, schemes or artifices to defraud;

   b. made untrue statements of material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

   c. engaged in acts, practices or courses of business which operated or would operate as a fraud or deceit upon other persons;

   d. in violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, and in violation of Corporations Code § 25501.

60. If not primarily liable under Federal and State Securities Laws, each of the defendants is secondarily liable under the Federal and State Securities Laws for aiding or abetting and for materially assisting such violations of the securities laws.

61. By reason of the foregoing, defendants violated, and unless restrained and enjoined will continue to violate, 15 U.S.C. § 78j(b), Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder, and Corporations Code section 25501.