WHEREFORE, Plaintiffs demand the relief set forth below.

## THIRD CAUSE OF ACTION

### (RECISSION PURSUANT TO CIV. CODE § 1689 and

### CORP. CODE §§ 25503, 25504, 25504.1

### AGAINST ALL DEFENDANTS)

62.  Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 50, as if fully set forth herein.

63.  In the event damages are not awarded against defendants, Plaintiffs seek rescission. Absent an exemption from registration, all offers or sales of securities must be registered pursuant to Section 5 of the of the Federal Securities Act of 1933, codified at 15 U.S.C. § 77c(a)(2).

64.  Absent an exemption from qualification, it is unlawful in California for anyone to offer or sell a security unless it is qualified pursuant to California Corporations Code section 25110 (qualification by coordination), 25112 (qualification by notification), or 25113 (qualification by permit).

65.  The notes and the reinvestments constitute securities.

66.  Neither the notes nor the reinvestments were exempt from registration or qualification and thus could only be issued pursuant to registration statements meeting the requirements of the Securities Act of 1933 and pursuant to qualification within the meaning of the California Corporations Code.

67.  The notes and the reinvestments were not made pursuant to a lawful registration statement.

68.  The notes and the reinvestments were not qualified by the California Department of Corporations.

69. Each of the defendants is either primarily liable under the Federal and State Securities Laws for this violation or is secondarily liable because such person is a control person, materially aided the violations of the securities laws as alleged herein, or otherwise materially assisted such violations.

WHEREFORE, Plaintiffs demand the relief set forth below.

## FOURTH CAUSE OF ACTION

### (DECLARATORY RELIEF AGAINST ALL DEFENDANTS)

70. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 50, as if fully set forth herein.

71. An actual controversy exists as to whether the promissory notes and reinvestments were made in violation of the disclosure and registration provisions of the Federal and state securities laws as Plaintiffs contend they violate the law and are therefore subject to rescission and Defendants contend they are not.

WHEREFORE, Plaintiffs demand the relief set forth below.

## FIFTH CAUSE OF ACTION

### (FRAUDULENT TRANSFER AGAINST PULLIAM AND JACKSON)

72. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 50, as if fully set forth herein.

73. Plaintiffs are informed and believe and thereon allege that, prior to June 2005, Jackson had an interest in the Property, which was located at 13506 Campus Drive, Oakland, California, with APN as follows: 037A-3156-017.

74. Plaintiffs are informed and believe and thereon allege that, on or around June 1, 2005, with actual intent to defraud creditors and after creating his illegal investment scheme, Jackson conveyed a fee simple interest in the Property.

75. Plaintiffs are informed and believe and thereon allege that, in addition in addition to conveying the Property, Jackson conveyed to defendant Maisha Pulliam cash and personal property valued in the hundreds of thousands of dollars between January 2005 and the present time.

76. Plaintiffs are informed and believe and thereon allege that, at the time the transfers alleged here were made, Jackson had an interest in the property in excess of any applicable bankruptcy exemptions.

77. Plaintiffs are informed and believe and thereon allege that, in exchange for the transfers herein alleged, Jackson received no reasonably equivalent value in exchange for the transfer or obligation, and at the time this conveyances were made, (i) was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction, or (ii) intended to incur, or believed he would incur, debts beyond his ability to pay as they became due.

WHEREFORE, Plaintiffs demand the relief set forth below.

## VII.  DEMAND FOR RELIEF

Plaintiffs respectfully demand jointly and severally against each of the defendants the following relief:

1. **First Cause of Action**
    a. Damages in an amount to be proved at trial but no less than $10,000,000;
    b. In the alternative, Plaintiffs demand restitution;
    c. Reasonable attorneys' fees pursuant to agreement;

VERIFIED AMENDED COMPLAINT
-16-
RG07357682