1  LAW OFFICE OF JOHN CLAASSEN
   *JOHN CLAASSEN, ESQ. (212954)*
2  2201 BROADWAY, SUITE 803
   OAKLAND, CA 94612
3  TELEPHONE:  (510) 251-8010
   FACSIMILE:  (510) 868-3398
4  john@claassenlegal.com
   Attorneys for Plaintiffs
5  THAU LONG, KWOK CHO, HAO LONG,
   XIAO MIN MA, YAN YUN YU, WAI PAK,
6  MICHELLE B. REN, WENG SHENG WONG, and WENG K. WONG

7  TAYLOR, GOINS & STALLWORTH LLP
   Vernon C, Goins II (195461)
8  1330 Broadway, Suite 1701
   Oakland, CA 94612
9  Telephone: (510) 893-9465
   Facsimile: (510) 893-4228
10 vgoins@thebusinesslawyers.com
   Attorneys for Defendants
11 MAURICE JACKSON & VERNA TAIT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KWOK K. CHO, et al. | Case No.: C07-06512 JCS |
| Plaintiffs, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| MAURICE JACKSON, et al., | **Date: April 4, 2008** |
| Defendants. | **Time: 10:30 a.m.** |
| | **Dept: Courtroom A, 15th Floor** |
| | **Before: Honorable Joseph C. Spero** |

**JOINT CASE MANAGEMENT STATEMENT**                               **C07-06512 JCS**

## JOINT CASE MANAGEMENT STATEMENT

Plaintiffs Thau Long, Kwok Cho, Hao Long, Xiao Min Ma, Yan Yun Yu, Wai Pak, Michelle B. Ren, Weng Sheng Wong, and Weng K. Wong ("Plaintiffs") and defendants Maurice Jackson ("Jackson") and Verna Tait ("Tait;" together, Tait and Jackson are "Defendants") submit this joint case management statement pursuant to the Standing Order for All Judges of the Northern District of California and the Court's Case Management Order.

### 1. Jurisdiction and Service.

Federal question jurisdiction exists pursuant to Title 28 United States Code, section 1331 over Plaintiffs' federal securities law claims. The Court enjoys pendant jurisdiction over Plaintiffs' state law claims for breach of contract, declaratory relief, and securities fraud because they are so related to the federal claims that they form part of the same case or controversy. *See* 28 U.S.C. § 1367(a).

Jackson and Tait have been served. The remaining defendants have not yet been served. Service will be accomplished if possible no later than April 30, 2008.

### 2. Facts.

Plaintiffs allege that defendants operated a classic ponzi scheme pursuant to which Jackson made promissory notes to plaintiffs and others in which he promised exorbitant rates of interest. Plaintiffs also contend that defendant Verna Tait operated the investment scheme on behalf of Jackson, by among other things, executing investment agreements, accepting money, giving investor presentations, and meeting with investors. Defendants deny they operated a "ponzi" scheme.

Defendants admit, with a few exceptions, that Maurice Jackson issued the promissory notes alleged in the complaint and accepted moneys. They dispute Tait's role.

As a result, generally, the only remaining factual issue with respect to the contract action is whether Defendants repaid Plaintiffs and whether the notes had matured.

Remaining factual issues with respect to the securities-related causes of action include the extent of Tait's involvement in the events giving rise to this lawsuit.

**3. Legal Issues.**

a. Whether Defendants Breached The Investment Contracts.

Under California law, a cause of action for breach of contract requires a pleading of the contract, a plaintiff's performance or excuse for nonperformance, a defendant's breach, and damage to plaintiff. 4 Witkin, Cal. Proc. 4th (1997) Plead., § 476, at 570.

Defendants admit they executed the promissory notes and that they accepted payment from Plaintiffs in the amounts alleged. The only remaining questions are whether (i) the promissory notes have matured, (ii) whether Defendants have made payments, and (iii) whether Tait can be liable to the extent she accepted moneys or executed contract documents.

Under these standards, Plaintiffs believe the evidence will show Defendant's liability. Defendants dispute this claim.

b. Whether Defendants Violated The Securities Act Of 1933.

Section 5 of the Securities Act prohibits an issuer from offering or selling unregistered securities. 15 U.S.C. § 77e. To establish a violation of this section, a plaintiff must show only that (1) no registration statement was in effect as to the securities; (2) the defendants sold or offered to sell the securities; and (3) the sale or offer was made through interstate commerce. *SEC v. Phan*, 500 F.3d 895, 902 (9th Cir. 2007) (affirming summary judgment for plaintiff on a Section 5 claim).

Plaintiffs contend they purchased the notes solely for the high returns they offered, relying upon Defendants' representations. Plaintiffs contend Defendants used the means of interstate commerce to issue the promissory notes and that they also issued notes to some of the plaintiffs outside the state of California. Defendants deny this contention.

c. Whether Defendants Violated California's Corporate Securities Act of 1968.

Plaintiffs also contend that California law imposes strict liability anytime someone fails to qualify securities under California Corporations Code section 25110 unless an exemption is in effect. Cal. Corp. Code §§ 25110 (requiring qualification of securities); 25503 (entitling purchaser to rescind). Jackson admits he issued the securities and, because they were not qualified, Plaintiffs contend Jackson faces strict liability on this issue. Defendants deny this contention.

         d.      Whether Tait Is Liable For Her Role In The Issuance Or Sale Of Securities.

Plaintiffs contend that the Securities Act make clear that anyone who offers or sells securities is deemed to be the issuer – and is thus liable an issuer – for any violation of the Securities Act. *Pinter v. Dahl*, 486 U.S. 622, 638 (1988) ("The registration requirements are the heart of the Act, and § 12(1) imposes strict liability for violating those requirements.") (citations omitted; emphasis added).

Similarly, California law makes clear that any actor like Tate who (i) is a principal officer or (ii) is otherwise an employee who materially assists an issuer in violating the registration, disclosure, or qualification provisions of the federal and state securities laws is jointly and severally liable for the non-disclosure. Cal. Corp. Code § 25504.

Tait executed investment agreements. She received money. She was an executive officer of Real Time, which marketed and sold the investments. She gave investor presentations to potential investors in which she explained the benefits of investing. She met with potential investors. She executed reinvestments for plaintiff Xiao Min Ma and Yan Yun Yu.

Defendants deny these contentions.

**4.  Motions.**

Plaintiffs filed a motion for partial summary judgment on March 27, 2008 against Tait and Jackson.

**5.  Amendment of Pleadings.**

Plaintiffs do not anticipate a further amendment to their pleadings.

**6.  Evidence Preservation.**

Plaintiff's counsel has taken steps to preserve evidence relevant to the issues reasonably evident in this action.

**7.  Disclosures.**

Plaintiffs and Defendants anticipate making their initial disclosures no later than April 2, 2008.

**8.    Discovery.**

Plaintiffs will make their initial Federal Rule of Civil Procedure 26(f) disclosures no later than April 2, 2008.

Plaintiffs and Defendants will propound written discovery requests no later than May 1, 2008.  Through the disclosures, they hope to secure evidence showing that (i) defendants failed to make payment on the promissory notes; (ii) the promissory notes were issued without a registrations statement or a permit issued by the California Department of Corporations; (iii) the representations and disclosures made, if any, that occurred prior to the issuance of the promissory notes.

Plaintiffs will notice depositions, if any, to be taken no later than June 30, 2008.  Defendants anticipate noticing depositions no later than July 15, 2008.  Plaintiffs are amenable to disclosing experts no later than July 15, 2008.  Defendants would be amenable to disclosing experts no later than August 15, 2008.

**9.    Class Actions.**

This action is not a class action.

**10.    Related Cases.**

Plaintiffs are not aware of identifying information with respect to any related case.  However, Plaintiffs' counsel has received inquiries from attorneys representing other investors in defendants' investment scheme.  Defendant Maurice Jackson contends that an involuntary petition for bankruptcy under the federal bankruptcy laws was filed against him.

**11.    Relief.**

The amended complaint seeks damages, rescission of investment contracts, declaratory relief, injunctive relief, interest, and punitive damages.  The amount sought is no less than $10,000,000.

**12.    Settlement And ADR.**

The parties are in non-compliance with ADR Local Rule 3-5.  Plaintiffs will make an effort to come into compliance immediately. In light of Plaintiffs' partial summary judgment motion and the possible bankruptcy court jurisdiction over defendant Maurice Jackson's assets, the parties

anticipate no settlement discussions at this time. That being said, Plaintiffs and Defendants are amenable to judicially supervised ADR, including non-binding arbitration or mediation in the event the partial summary judgment motion is not granted.

### 13. Consent to Magistrate Judge For All Purposes.

All of the parties that have appeared in this action have consented to the Court's jurisdiction.

### 14. Other References.

Please see 13, above.

### 15. Narrowing of Issues.

Plaintiffs filed a motion for partial summary judgment on March 27, 2008 against Tait and Jackson. Depending on the outcome of the motion, they anticipate filing a request under Federal Rule of Civil Procedure 54 for entry of judgment on the portion of the motion, if any, that is granted. They anticipate dismissing remaining federal claims and requesting that the Court decline the exercise of jurisdiction over remaining state-law claims with an order remanding this action to state court.

### 16. Expedited Schedule.

In light of the summary adjudication motion, Plaintiffs believe this case can be handled on an expedited basis.

### 17. Scheduling.

Plaintiffs will make their initial Federal Rule of Civil Procedure 26(f) disclosures no later than April 2, 2008.

Plaintiffs and Defendants will propound written discovery requests no later than May 1, 2008. Defendants anticipate noticing depositions no later than July 15, 2008. Plaintiffs are amenable to disclosing experts no later than July 15, 2008. Defendants would be amenable to disclosing experts no later than August 15, 2008.

### 18. Trial.

The parties request a jury trial as to those issues and claims to which they have a right to a jury. In the event this goes to trial, Plaintiffs anticipate at least twenty days in light of the number

of Plaintiffs and the issues raised by them.  Defendants do not take issue with this time estimate.  This case will be ready for trial no later than September 30, 2008.

**19.    Disclosure of Non-party Interested Entities Or Persons.**

As of this date, other than the named parties, the parties are unaware of any interest to report pursuant to Local Rule 3-16.

**20.    Other matters.**

None.

DATED: March 28, 2008                                          Respectfully Submitted,

/s/

_____
John Claassen (SBN 212954)
2201 Broadway, Suite 803
Oakland, CA  94612
Telephone: 510-251-8010
Facsimile: 510-868-3398

john@claassenlegal.com

Attorneys for Plaintiffs
THAU LONG, KWOK CHO, HAO LONG, XIAO MIN MA, YAN YUN YU, WAI PAK, MICHELLE B. REN, WENG SHENG WONG, and WENG K. WONG

DATED: March 28, 2008                                          Respectfully Submitted,

/s/

_____
Vernon C, Goins II (195461)
1330 Broadway, Suite 1701
Oakland, CA 94612
Telephone: (510) 893-9465
Facsimile: (510) 893-4228
vgoins@thebusinesslawyers.com
Attorneys for Defendants
MAURICE JACKSON & VERNA TAIT

**JOINT CASE MANAGEMENT STATEMENT**                                          **C07-06512 JCS**